The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Donald Allen SIWIERKA, Defendant-Appellee.

The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Stella Yolanda CHRIVIA, Defendant-Appellee.

Nos. 82SA579, 82SA580.

Supreme Court of Colorado, En Banc.

July 2, 1984.

---

Terrance Farina, Dist. Atty., Thomas W. Blake, Deputy Dist. Atty., Grand Junction, for plaintiff-appellant.

Donna A. Salmon, Denver, LaCroiz, Achziger & Multz, P.C., Carroll E. Multz, Grand Junction, for defendants-appellees.

LOHR, Justice.

Pursuant to section 16–12–102, 8 C.R.S. (1978), the People appeal the dismissal of two counts charging the defendants with possession of marijuana concentrate in the form of hashish and hash oil. § 18–18–106(4)(b)(I), 8 C.R.S. (1983 Supp.). The trial court granted the defendants' motions to dismiss the charges because, in its view,

conduct prohibited by section 18–18–106(4)(b)(I) is indistinguishable from that proscribed by section 18–18–106(1), 8 C.R.S. (1983 Supp.) (possession of not more than one ounce of marijuana). Since the two statutes designate disparate penalties the trial court found a denial of equal protection of the laws. Colo. Const. art. II, § 25. We reverse.

■ The People contend that the trial court's dismissal of the charges of possession of marijuana concentrate was erroneous. The People argue that hashish and hash oil are substances distinct from marijuana, and that the possession of the former may permissibly be punished more severely. We agree.

The issues presented here were resolved by our recent decision in *People v. Velasquez*, 666 P.2d 567 (Colo.1983). There we upheld the statute prohibiting the possession of marijuana concentrate against a nearly identical equal protection challenge. We noted in *Velasquez* that, although hashish is derived from the marijuana plant, the former is far richer in the pharmacologically active ingredient tetrahydrocannabinol (THC) than is the latter. We held that this greater concentration of THC in hashish provided a reasonable basis for the legislative classification punishing possession of hashish more severely than possession of marijuana.

That one of the substances allegedly possessed in this case was hash oil rather than hashish does not alter the outcome. Expert testimony was adduced that the active ingredient in hash oil is also THC, but that it occurs in considerably greater concentrations in hash oil than in hashish. Thus, our rationale in *Velasquez* for sustaining the statute proscribing the possession of marijuana concentrate against an equal protection challenge applies even more persuasively when the substance possessed was hash oil.

■ Based on its conclusion that marijuana concentrate is included in the definition of marijuana, the trial court also found the possession counts deficient because

they did not designate the subsection of section 18–18–106 under which the defendants were charged and because they did not specify the amount of marijuana concentrate possessed. Our holding in *Velasquez* that marijuana concentrate and marijuana are constitutionally permissible separate classifications destroys the premise upon which the trial court ruled the charges insufficiently specific. The only subsection of section 18–18–106 prohibiting simple possession of marijuana concentrate is subsection (4)(b), which proscribes possession of "any amount of marijuana concentrate." Thus, the trial court erred in ruling that the charges were not sufficiently specific.

We reverse the order of the trial court and remand for proceedings consistent with this opinion.